**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

LILIBETH SILGADO DIAZ,

Petitioner,

v.

CHRISTOPHER BULLOCK, New Orleans Field Office Director of Immigration and Customs Enforcement, Enforcement and Removal Operations,

Respondent.

No. 2:26-cv-02969-SHL-atc

**ORDER GRANTING PETITION**

On July 31, 2026, the Court received pro se Petitioner Lilibeth Silgado Diaz's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1.) Ms. Silgado Diaz challenges her continued detention without an individualized bond hearing. (Id. at PageID 1.) She seeks release from Respondent's custody or, in the alternative, a bond hearing. (Id. at PageID 3.) According to the envelope received in the Clerk's Office, Ms. Silgado Diaz mailed the Petition on July 30, 2026. (ECF No. 1-3 at PageID 7.)

However, she was transferred to Richwood Correctional Center in Louisiana. (ECF No. 10 at PageID 63.) Unaware of the transfer, the Court issued its Order Staying Transfer and Requiring Response on August 6. (ECF No. 7.) On August 12, Respondent Christopher Bullock filed his response, in which he informed the Court of the transfer, stating that he was served with the Court's August 6 Order two days after Ms. Silgado Diaz's transfer. (ECF No. 8 at PageID 51–52.) On August 14, Ms. Silgado Diaz filed her Emergency Motion to Enforce and Clarify the Court's August 6 Order, and Notice of Transfer. (ECF No. 10.) Respondent concedes that the

Western District of Tennessee has jurisdiction, and the Sixth Circuit's holding in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026) governs the Petition. (ECF No. 8 at PageID 52.)

For the reasons stated below, the Petition is **GRANTED**. Respondent is **ORDERED** to immediately transport Ms. Silgado Diaz back to the Western District of Tennessee at the Government's expense and to release her immediately.

## BACKGROUND

Ms. Silgado Diaz is a citizen of Colombia (ECF No. 1 at PageID 1),who entered the United States at an unknown date. (ECF No. 8 at PageID 52.) She has a pending asylum application, "strong community ties, including a stable residence in Jackson, Tennessee, and a relationship with a United States citizen." (ECF No. 1 at PageID 2.) She has no criminal convictions. (Id.) She was taken into ICE custody following a motor vehicle accident on July 17. (Id.) She mailed the Petition on July 30. (ECF No. 1-3 at PageID 7.) Five days later, Respondent transferred Ms. Silgado Diaz out of the Western District of Tennessee to a detention facility in Louisiana. (ECF No. 8 at PageID 51.)

## ANALYSIS

Ms. Silgado Diaz challenges her continued detention without an individualized bond hearing in the West Tennessee Detention Facility. (ECF No. 1 at PageID 1.) She seeks release from Respondent's custody or, in the alternative, a bond hearing. (Id.)

Respondent maintains that "the Court should require Petitioner to exhaust administrative remedies" before granting relief. (ECF No. 8 at PageID 52.) However, as the Court has ruled in recent immigration habeas petitions, e.g., Lopez Soza v. U.S. Dep't of Homeland Sec., No. 26-cv-02224, 2026 WL 1104329, at *3 (W.D. Tenn. Apr. 23, 2026), Petitioner's failure to exhaust administrative remedies is **EXCUSED**. The legal questions presented by the Petition are fit for

prompt resolution, and exhaustion would be futile because Petitioner cannot seek meaningful and timely administrative relief. McCarthy v. Madigan, 503 U.S. 140, 144 (1992) (explaining that where a statute is silent as to exhaustion, requiring exhaustion is within a court's discretion); Contreras-Lomeli v. Raycraft, No. 25-cv-12826, 2025 WL 2976739, at *3 (E.D. Mich. Oct. 21, 2025) ("Bond denial appeals 'typically take six months or more to be resolved at the BIA.'" (citation omitted)).

Respondent further argues that Ms. Silgado Diaz "has been detained since July 17, 2026," and "[s]he has not yet made a bond request with the immigration court . . . ." (ECF No. 8 at PageID 54.) But that circumstance does not require dismissal of the Petition. As discussed, no statute mandates administrative exhaustion. This remains within the Court's discretion. McCarthy, 503 U.S. 140.

The Court retains jurisdiction over the Petition, despite Petitioner's transfer out of the Western District of Tennessee. "Generally, if a district court has proper jurisdiction when a habeas petition is filed, a subsequent transfer of the prisoner will not defeat habeas jurisdiction." Weiss v. Healy, No. 23-CV-2074, 2024 WL 1858529, at *4 (N.D. Ohio Mar. 15, 2024), report and recommendation adopted, No. 23-CV-2074, 2024 WL 1856545 (N.D. Ohio Apr. 29, 2024) (citing White v. Lamanna, 42 F. App'x 670, 671 (6th Cir. 2002)). And, "[u]nder the 'prison mailbox rule,' a federal habeas petition is filed when the prisoner gives his petition to prison officials for mailing to the federal courts." Neal v. Bock, 137 F. Supp. 2d 879, 882 n.1 (E.D. Mich. 2001). Respondent concedes that the Western District of Tennessee has jurisdiction over this matter. (ECF No. 8 at PageID 52.)

Further, federal Respondents have previously returned habeas petitioners to this District after transferring them away during the pendency of a petition. See, e.g. C.F.M.E. v. Minter, No.

26-cv-2269, ECF No. 17 at PageID 159 (W.D. Tenn. Mar. 25, 2026) ("Three days prior to the entry of this Order . . . Petitioner was transferred to a detention facility in Louisiana. However, pursuant to the Court's Order, Respondents have confirmed that Petitioner is scheduled to be transferred back to the West Tennessee Detention Facility . . . .").

Therefore, consistent with Lopez-Campos and this Court's decision in Villafranca Lara, 2026 WL 401204, and after consideration of the record, the Petition is **GRANTED**.

## CONCLUSION

For the reasons stated above, the Petition is **GRANTED**. Respondent is **ORDERED**, at the Government's expense, to immediately transfer Petitioner back to the Western District of Tennessee. Immediately following Petitioner's return to this District, Respondent is **ORDERED** to release Petitioner. Respondent is **ENJOINED** from pursuing Petitioner's detention under 8 U.S.C. § 1225(b)(2)(A). Respondent is further **ORDERED** to file a Status Report with this Court within **two business days**, to certify compliance with this Order.

**IT IS SO ORDERED,** this 26th day of August, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE